| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Kenneth Presley, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-09-2709 |
| | § | |
| Michael J. Astrue, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's ruling that Kenneth Presley is not disabled, and if he applied the correct legal standards in reaching that decision.

Presley seeks judicial review of the commissioner's denial of his claim for Social Security benefits under 42 U.S.C. § 405(g). Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is "what a reasonable mind might accept as adequate to support a conclusion." *Id.* The court cannot try issues anew or substitute its judgment for that of the lower court. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).

3. *Statutory Criteria.*

The Social Security Administration uses a five-step process to determine if a claimant is disabled. One, a claimant is not disabled if he or she is currently working. 20 C.F.R. 404.1520(a)(4)(i). Two, a claimant must have a severe impairment for at least twelve months. 20 C.F.R. 404.1520(a)(4)(ii). Three, the impairment must meet or equal a listing in Appendix 1 of subpart P. 20 C.F.R. 404.1520(a)(4)(iii). Four, a claimant must be unable to do past

do past relevant work. 20 C.F.R. 404.1520(a)(4)(iv). Five, considering age, education, and experience, the claimant must be unable to adjust to other work. 20 C.F.R. 404.1520(a)(4)(v).

4. *Background.*

Presley is an illiterate 53-year-old man with a first-grade education. He has worked as a construction laborer. He applied for benefits in 2006. The hearing officer found that Presley is obese, with coronary artery disease, diabetes, and high blood pressure. He also found that Presley had pain from old gunshot wounds in his left leg and arm. Presley testified that he was hospitalized in November 2006 for a heart attack. The hearing officer left the record open for Presley to submit evidence from the hospital and treatment for the year. Presley did nothing. The hearing officer found that Presley was not disabled and could work at a medium level. He can sit six hours of an eight-hour day, stand for the same, and lift, carry, or push 25 pounds frequently and 50 pounds occasionally. He cannot climb ladders, ropes, or scaffolds, but he can occasionally kneel. The severity of his diabetes, cardiac problems, and joint pain did not meet the Appendix 1 listing. 20 C.F.R. 404 Subpart P Appendix 1.

Presley says that the hearing officer should have considered the combined effect of Presley's obesity with his other ailments in determining his residual work capacity. He also says that the hearing officer mistakenly characterized his education as third-grade rather than first-grade in a question to a vocational expert. Presley claims that using the answer to determine his ability to find work was not the correct legal standard.

5. *Discussion.*

The hearing officer was correct in finding that Presley is not disabled. He followed the correct legal standards in reaching his decision.

Each of the five steps is supported by substantial evidence. The hearing officer considered Presley's obesity in combination with his other ailments as his obesity causes and accelerates his diabetes, coronary disease, and high blood pressure. It also magnifies his joint paint from the old wounds in his left arm and leg. Even with his obesity accelerating them, his ailments are not severe enough to be disabling. Medical records show that he does control his diabetes, his cardiac problems are not severe enough to substantially limit his activity, and his high blood pressure is mild. He was briefly hospitalized and not treated after, which indicates that his medical problems are not severe. Presley says that he was unable to obtain treatment

that year because he was waiting for a gold card—a discount to Harris County hospitals. However, if he had medical problems, he would have been treated at an emergency room.

The hearing officer did not err in characterizing Presley's education as third-grade rather than first-grade in a question posed to a vocation expert. Although understandably an upsetting accusation, the difference is not meaningful as Presley is illiterate and all elementary education is classified as marginal. 20 C.F.R. 416.964(b)(2). The vocational expert's testimony that Presley can do unskilled medium work is not affected; the hearing officer correctly determined Presley's ability to work. His education level is of secondary interest to his disability.

6. Conclusion.

The decision denying Presley benefits is supported by substantial evidence and was reached using the correct legal standards. It is affirmed.

Signed on June 18, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge